Cabell, P.
delivered the following as the resolution of the court.—If Alfred T). Ashby, executor and trustee of and under the will of Lewis Ashby deceased, had, in a reasonable time after the death of the testator, sold the Frederick lands, and vested the proceeds thereof in good lands, situated in the state of Kentucky, or any other part of the western country most conducive to the general interest of the beneficiaries under the will, and had assigned to eac.h of the daughters 400 acres there *61 of, of the average value of the whole tract, this court is of opinion, considering the latitude of discretion confided to the trustee, that the daughters would have had no right to complain of such investment and assignment, although it might have resulted in leaving to the two sons of Lewis Ashby a greater quantity than 400 acres each. But as the trustee has improperly delayed the execution of the trust until a great change has taken place in the situation of the western country and in the circumstances of the parties, the court is of opinion that the beneficiaries ought not now to be compelled to take lands in the western country, but should be allowed to elect to take their just proportion of the money arising from the sale of the Frederick lands, in lieu thereof: and as there is nothing in the will which clearly indicates an intention in the testator to give a preference to his sons over his daughters in relation to this fund, or, if a preference was intended, to indicate the extent of that preference, the court is of opinion that the principle of equality of right is the only just one applicable to this case. This court therefore approves of the decree of the chancellor in establishing the right of the beneficiaries to elect to take money instead of land, and in directing an equal division of the fund among the parties. But the decree is defective in not having so secured and protected mrs. Smith's portion of the money arising from the sale of the Frederick lands, as to prevent its being subjected to the control or debts of the husband to a greater extent than if it were land; in which case, the husband would be only entitled to the profits during the coverture, or for his own life as tenant by the curtesy, in case he survived the wife, having had a child by her, born alive; for this money, being in lieu of land to which the wife was entitled, ought to be regarded as land, and treated accordingly, unless indeed the wife should consent that the money should be paid to the husband absolutely, as to which *62 she ought to be privily examined, separately and apart from her husband, in the same manner as in the conveyance of her real estate.
The decree is therefore reversed so far as it is in opposition to the principles declared above, and is affirmed as to the residue : and the cause is remanded, to be proceeded in to a final decree accordingly. But as this reversal is in consequence of error committed against one of the appellees, it is to be at the costs of the appellant.
Stanard, J.
said, that as the decree of the circuit court required the appellant to make payment to the plaintiff Lewis A. Smith, of money which it was erroneous to require him so to pay, and which he could not, even with the authority of that decree, safely have paid; and as this court, by its decree, corrected the error of the circuit court, and provided for the appellant’s paying in a way which would be safe, it seemed to him that the appellant ought not to be decreed to pay costs : and he therefore dissented from so much of the decree of this court as related to the costs. In all other respects, he concurred in that decree.